UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21289-CIV-ALTONAGA/Simonton

**ANGEL SANTIAGO**,

    Plaintiff,

vs.

**MID-SOUTH PAINTING, INC.**, *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on the Plaintiff, Angel Santiago's Motion to Authorize Notice to Potential Class Members ("Motion") [ECF No. 23], filed July 1, 2011. In the Motion, Plaintiff seeks "entry of an Order permitting, under [Court supervision], notice to all employees and former employees of Mid-South Painting, Inc. ("Mid-South"), [and of] Peter Stefanic, and David Stefanic . . . , regarding their [opt-in] rights for this collective action under the Fair Labor Standards Act ['FLSA'] . . . ." (Mot. 1). The Court has carefully reviewed the parties' written submissions and applicable law.

### I. BACKGROUND

Plaintiff was employed by Defendants, Mid-South, Peter Stefanic, and David Stefanic, as a foreman/painter from 1984 until October 2010. (*See* Compl. ¶¶ 1–3; P. Stefanic Dep. 8:21–23, Feb. 15, 2011, Mot. Ex. 3 [ECF No. 23-3]). During his tenure, Santiago's "typical" weekly schedule was six days per week, and "sixty (65) [sic] hours per work week." (Compl. ¶ 4). Plaintiff received a salary of "approximately $680 per week, regardless of the number of hours he worked;" he was never paid overtime. (*Id.* ¶¶ 4–5).

Mid-South "operates a commercial and residential painting and restoration company . . . ."

(*Id.* ¶ 6). Peter and David Stefanic "managed, owned and/or operated" Mid-South, and the Stefanics "regularly exercised the authority to hire and fire employees," determined their work schedules, set their pay rate, and controlled Mid-South's finances. (*Id.* ¶ 7). Plaintiff thus asserts Peter and David Stefanic were "employers" under the FLSA. (*Id.* ¶¶ 7–8).

Plaintiff contends that he "and all similarly situated employees" were not paid overtime. (*Id.* ¶¶ 10–11, 18[1]–19). He seeks on their behalf "overtime compensation, liquidated damages, and the costs or reasonable attorneys' fees . . . ." (*Id.* ¶ 11). According to Plaintiff, those "similarly situated employees" are Defendants' "non-exempt employees who . . . worked in excess of Forty (40) hours during one or more work weeks on or after April 2008, and did not receive time and one-half of their regular rate of pay for . . . the hours they worked over Forty (40) in one or more work weeks." (*Id.* ¶ 16).

## II.  LEGAL STANDARD

The FLSA permits a plaintiff to bring a collective action on behalf of similarly-situated persons subject to the requirement that prospective plaintiffs file a written consent in the court where the action is brought. *See* 29 U.S.C. § 216(b); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001). In the interest of judicial economy, district courts have discretionary power to authorize the sending of notice to potential class members. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). But notice should only be authorized in appropriate cases. *See Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983).

In order to grant conditional collective action certification, the Court must, at a minimum,

---

[1] The Complaint contains three paragraphs numbered "18." This citation includes all three.

Case No. 11-21289-CIV-ALTONAGA/Simonton

satisfy itself that there are other employees who (1) are similarly situated with regard to their job requirements and pay provisions, and who (2) desire to opt into the case. *See Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991). Regarding the first requirement, the plaintiff bears the burden of proving that he and the class he seeks to represent are similarly situated. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). To evaluate whether a plaintiff has demonstrated the existence of a similarly-situated class, courts in the Eleventh Circuit utilize a two-tiered procedure that recognizes distinct burdens at different stages of the litigation process. *See Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1243 (11th Cir. 2003) (citing *Hipp*, 252 F.3d at 1218 and collecting cases). The first tier is referred to as the notice stage. *See id.* at 1243 n.2 (quoting *Hipp*, 252 F.3d at 1218).

> At the notice stage, the district court makes a decision — usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Id.*

The second tier of analysis, re-examining the question of certification after discovery is complete, follows a motion for "decertification" by the defendant. *Id.*

> At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the

Case No. 11-21289-CIV-ALTONAGA/Simonton

>class, and the opt-in plaintiffs are dismissed without prejudice. The
>class representatives — i.e. the original plaintiffs — proceed to trial
>on their individual claims.

*Id.*

Regarding the second requirement, a plaintiff must show there are employees who would opt in if given notice. *See Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003) ("[A] showing that others desire to opt-in must be made before notice is authorized.") (citations omitted). Based on this showing, a "district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' . . . ." *Dybach*, 942 F.2d at 1567. The burden is on the plaintiff to produce evidence demonstrating aggrieved individuals exist within the class he proposes. *See Haynes*, 669 F.2d at 888 (holding the court properly declined to authorize notice to a prospective class where the only evidence presented was counsel's assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores). If the plaintiff does not satisfy his burden, the Court should decline the certification of a collective action to "avoid the 'stirring up' of litigation through unwarranted solicitation." *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1318 (M.D. Ala. 2002) (quoting *Brooks v. BellSouth Telecomm., Inc.*, 164 F.R.D. 561, 567 (N.D. Ala. 1995)).

### III. ANALYSIS

Plaintiff seeks conditional certification of a collective action consisting of "all persons who at any time within the past three years have worked as employees for Defendants at [Mid-South] . . . and were not paid for all hours worked in excess of forty (40) hours per week." (Mot. 1). He asserts that he "has made at the very minimum, a modest showing for conditional certification . . . ." (Reply 1 [ECF No. 31]). "During the notice stage, when the court must make a determination of

Case No. 11-21289-CIV-ALTONAGA/Simonton

conditional class certification, 'the district court should satisfy itself that there are other employees of the [employer (1)] who desire to 'opt-in' and [(2)] who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions.'" *Mooney v. Advanced Disposal Servs.*, No. 3:07-cv-1018-WKW, 2008 WL 3843550, at *2 (M.D. Ala. Aug. 14, 2008) (alterations in original) (quoting *Dybach*, 942 F.2d at 1567–68). The Court will separately address each factor.

### A. Similarly Situated Employees

When asked to consider whether there are similarly-situated persons who desire to opt into a collective action brought under the FLSA, courts in the Eleventh Circuit have typically been presented affidavits of other employees, *see, e.g.*, *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 362 (M.D. Ala. 1999) (plaintiffs presented affidavits from 15 other employees), and consents to join the suit, *see, e.g.*, *White*, 204 F. Supp. 2d at 1315. "[A]lthough . . . a plaintiff may establish that others are 'similarly situated' without pointing to a particular plan or policy, a plaintiff must make some rudimentary showing of commonality between the basis of his claims and that of . . . the proposed class . . . ." *Horne v. United Servs. Auto. Ass'n*, 279 F. Supp. 2d 1231, 1234 (M.D. Ala. 2003) (citing *White*, 204 F. Supp. 2d at 1314).

To establish the existence of other potential collective-action members, Plaintiff alleges that all Mid-South employees were deprived of overtime pay. In his Complaint, Plaintiff insists there are "additional employees . . . who have worked in excess of Forty (40) hours . . . and [who] did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks." (Compl. ¶ 16). Additionally, he submits a single declaration — from himself — averring the same (*see* Santiago Decl., Mot. Ex. 5 [ECF No. 23-5]), as well as the depositions of Peter and David Stefanic (*see* D. Stefanic Dep., Feb. 15, 2011, Mot. Ex. 4 [ECF No.

5

Case No. 11-21289-CIV-ALTONAGA/Simonton

23-4]; P. Stefanic Dep.), which are addressed below. Santiago does not submit any declarations or affidavits from other employees. He also does not name any prospective class members.

Defendants contend that Santiago is not similarly situated to these other employees because he was a foreman, and Plaintiff identifies "staff-employees" and "painters." (Mot. Opp'n 8) (citing Santiago Decl. ¶¶ 13–14); (D. Stefanic Dep. 28:19–29:1; P. Stefanic Dep. 8:21–22, 27:1–4). As a foreman, Defendants maintain Santiago had different job duties and pay rate than painters. (*See* Mot. 9) (citing P. Stefanic Dep. 7:8–19, 8:21–25, 9:1–3, 10:3–5, 10:8–10, 10:18–19); (*see also* P. Stefanic Aff. ¶¶ 4–15, Mot. Opp'n Ex. 1 [ECF No. 30-1]). As a result, Defendants assert Plaintiff and the other potential class members are not similarly situated. (*See* Mot. 10).

At this point, the distinctions between foremen and painters — as highlighted by Defendants — are not so disparate as to prevent conditional certification. *See Gortat v. Capala Bros.*, No. 07-CV-3629(ILG)(SMG), 2009 WL 3347091, at *9 (E.D.N.Y. Oct. 16, 2009) ("Though foreman and laborer plaintiffs performed different duties, were paid at different rates and worked different hours, these minor factual disparities do not defeat plaintiffs' motion to proceed as a collective action, nor do they render the class unmanageable."). At this first stage of conditional certification, the Court finds the potential plaintiffs — foremen and painters — are sufficiently similar to allow conditional certification.[2] Defendants may revisit this issue at the second certification stage.

### B. Additional Opt-In Plaintiffs

Defendants also contend Plaintiff has not shown there are other employees who desire to opt into this suit. (*See* Mot. Opp'n 5). They assert that because Plaintiff has only filed a single

---

[2] Additionally, the employees may be similarly situated, as discussed below, because Defendants had a policy of not paying overtime rates.

6

Case No. 11-21289-CIV-ALTONAGA/Simonton

declaration — his own — on his behalf, where he states that he "believes" others will opt-in, he has not met his burden. (*Id.*) (citing Santiago Decl. ¶ 17).

Plaintiff believes some of these potential plaintiffs, "[u]pon learning their rights, and being reassured that they will not lose their jobs if they are still employed by Defendants and join this lawsuit . . . will exercise the right to join and recover the unpaid overtime." (Santiago Dep. ¶ 17). He also asserts that he is "aware of other painters who have expressed an interest in joining the lawsuit, but these others will not join the suit without "assurance from the Court that retaliation is prohibited."[3] (Santiago Decl. ¶ 18). Normally, this type of bald assertion is insufficient to carry a plaintiff's burden because "unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify notice." *Mackenzie*, 276 F. Supp. 2d at 1220 (citing *Haynes*, 696 F.2d at 887)). However, courts within this circuit have determined that evidence of "a common

---

[3] The Court will not make any such assurance. If the employees truly have this concern, Plaintiff's attorneys can quickly and easily dispel them of this fear.

The FLSA explicitly and clearly prohibits retaliation against an employee who files an FLSA complaint. *See* 29 U.S.C. § 215(a)(3). This year, the Supreme Court interpreted section 215(a)(3) broadly, finding even an oral complaint of an FLSA violation may constitute protected conduct. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1331–36 (2011). In that opinion, Justice Breyer began by acknowledging that the FLSA contains an antiretaliation provision:

> The Fair Labor Standards Act of 1938 (Act) sets forth employment rules concerning minimum wages, maximum hours, and overtime pay. 52 Stat. 1060, 29 U.S.C. § 201 *et seq*. The Act contains an antiretaliation provision that forbids employers
>
> > "to discharge or in any other manner discriminate against any employee because such employee has *filed any complaint* or instituted or caused to be instituted any proceeding under or related to [the Act], or has testified or is about to testify in such proceeding, or has served or is about to serve on an industry committee."

*Id.* at 1329 (emphasis in original) (quoting 29 U.S.C. § 215(a)(3)).

7

Case No. 11-21289-CIV-ALTONAGA/Simonton

payroll policy or scheme" is sufficient to "establish[] there [are] other employees desiring to opt-in . . . ." *Mooney*, 2008 WL 3843550, at *2 (citing *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 948 (M.D. Fla. 1994)); *Tucker*, 872 F. Supp. at 948 (finding that because other personnel were likely paid in the same manner as Plaintiffs, it was "probable" that other personnel would desire to opt-in); *cf. Anderson v. Cagle's Inc.*, 488 F.3d 945, 952 (11th Cir. 2007) (finding the district court had properly conditionally certified a collective action where the plaintiffs provided "'detailed allegations,' which established essentially 'the same job requirements and almost identical treatment' among the group of employees defined in the collective-action notice the district court ultimately approved. Importantly, the allegations were supported to some extent by the employers' 'admissions, and other documentary evidence.'").

Santiago has submitted the depositions of the two Stefanics. (*See* Mot. Exs. 3, 4). David Stefanic stated in his deposition that Mid-South does not pay overtime at "time and a half," but instead pays "regular pay."[4] (D. Stefanic Dep. 8:1-9:20). Although Plaintiff asserts Peter Stefanic confirms this, Peter actually states that Mid-South pays overtime at time-and-a-half — only in cash. (*See* P. Stefanic Dep.12:19–25).[5] Because Plaintiff has submitted David's deposition, where he unequivocally states that Defendants do not pay time-and-a-half for overtime (*see* D. Stefanic Dep. 8:1-9:20), and he handles payroll checks and cash (*see id.* 10:3–6), Plaintiff has submitted sufficient

---

[4] Notably, Defendants do not submit evidence to contradict Plaintiff's assertion that this policy exists.

[5] Earlier in his deposition, Peter did state that Mid-South does not pay time-and-a-half for overtime over 40 hours (*see* P. Stefanic Dep. 12:4–5), but this is because he stated employees would not work over 40 hours (*see id.* 12:8). Upon further questioning, he stated that *if* employees work over 40 hours, they do receive time-and-a-half. (*See id.* 12:19–23). Because he submits David's deposition, where he states that Mid-South does not pay overtime at all, ever, Plaintiff has carried his burden. Defendants do not create doubt as to that non-overtime-pay policy by contradicting themselves.

8

Case No. 11-21289-CIV-ALTONAGA/Simonton

evidence at this stage of a common payroll policy or scheme. *See Mooney*, 2008 WL 3843550, at *2; *Tucker*, 872 F. Supp. at 948. He has thus met his burden of demonstrating other employees would desire to opt-in.[6]

### C. Notice

Finally, Defendants assert Plaintiff's proposed notice is defective because it "allow[s] opt-in by individuals who could not properly opt-in to the case." (Mot. Opp'n 10). They contend the notice should be limited to current and former "foremen" of Mid-South, and not all employees. (*Id.*). Because the Court has already found the painters and Plaintiff (as a foreman) are sufficiently similarly situated, the notice is not defective on the ground that it is too broad. *See Gortat*, 2009 WL 3347091, at *9.

### IV.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that

1. Plaintiff's Motion to Authorize Notice to Potential Class Members **[ECF No. 23]** is **GRANTED**. Santiago is authorized to provide notice of this lawsuit to all current and former foremen/painters, however titled, who provided painting services in furtherance of the business of Mid-South Painting, Inc., at any time from April 2008 to the present and who were not paid overtime compensation.

---

[6] At this early and lenient stage, the Court's decision is, in great part, guided by Defendants' admission that it is their policy to not pay overtime rates. In *Tucker*, the court determined that other "clerical personnel" would desire to opt-in based on the testimony of only a few plaintiff-employees. *See Tucker*, 872 F. Supp. at 943–48. Here, employee testimony of a common practice is not necessary because Defendants admit they pay only regular time for overtime hours. (*See, e.g.*, D. Stefanic Dep. 8:1–9:20). Had Defendants not explicitly admitted that they, as a rule, do not pay overtime wages, the Court's determination would be quite different. Without that admission, if Plaintiff had relied solely on anecdotal evidence or belief, the Court would not have found that there are other employees who desire to opt-in. Finally, this finding of a policy can, of course, be rebutted with evidence that employees were paid a proper overtime rate.

9

Case No. 11-21289-CIV-ALTONAGA/Simonton

2. Within twenty days of the date of this Order, Defendants shall provide to Plaintiff's counsel, the names, addresses, dates of employment, and telephone numbers of all current and former foremen/painters, however titled, who provided painting services in furtherance of the business of Mid-South Painting, Inc., at any time from April 2008 to the present. Upon delivery of this list, Defendants shall promptly file a notice of compliance with this part of the Court's Order.

3. After Plaintiff's counsel receives all such information from Defendants, Plaintiff's counsel are authorized to give notice to the individuals in the conditionally certified class and shall do so within a reasonable time from delivery. The form of "Notice of Right to Join Lawsuit for Unpaid Overtime Wages," and the associated form of "Consent to Join as Plaintiff Pursuant to 29 U.S.C. § 216(b)" for individuals in the plaintiff class shall be substantially in the forms attached as Exhibit 1 [ECF No. 23-1] and Exhibit 2 [ECF No. 23-2] respectively, to Plaintiff's Motion to Authorize Notice to Potential Class Members; and they shall all be mailed on the same day via first-class U.S. Mail. The mailing shall be at the sole cost and expense of Plaintiff to all individuals disclosed by Defendants; the mail shall be dated with the date of mailing; and it shall allow each individual up to 60 days from the date of mailing in which to return a "Consent to Join as Plaintiff Pursuant to 29 U.S.C. § 216(b)" form to Plaintiff's counsel. Upon mailing the "Notice of Right to Join Lawsuit for Unpaid Overtime Wages," Plaintiff's counsel shall promptly file a notice of compliance with this part of the Court's Order.

4. Upon receipt of a Consent Form from an opt-in plaintiff, Plaintiff's counsel shall stamp the Consent Form with the date of receipt of the Consent Form. With regard to these duties, Plaintiff's counsel shall be acting as Officers of the Court.

5. At the conclusion of the opt-in period, Plaintiff's counsel shall file all of the Consent Forms

Case No. 11-21289-CIV-ALTONAGA/Simonton

as a single filing with the Clerk of the Court.

      **DONE AND ORDERED** in Chambers at Miami, Florida this 3rd day of August, 2011.

                                              **CECILIA M. ALTONAGA**
                                              **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record